United States District Court
Southern District of Texas
**ENTERED**
December 15, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISRAEL JONATHAN | § | |
| SALAZAR-RODRIGUEZ, | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. B-16-86 |
| | § | Criminal Action No. B-13-172-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of several motions filed by Israel Jonathan Salazar-Rodriguez. First, Salazar-Rodriguez has filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter, Salazar-Rodriguez's "Motion" or "§ 2255 Motion"). Dkt. No. 1. Second, he has filed a "Motion for Immediate Consideration." Dkt. No. 2 at 1. Third, he has filed a "Memorandum in Support of Habeas Corpus § 2255 Relief" (hereinafter, Salazar-Rodriguez's "Memorandum"). *Id*. at 2-9. Fourth, he has filed a "Motion for Appointment of Counsel." Dkt. No. 6. Fifth, he has filed a "Memorandum in Support of Movant's Motion for Appointment of Counsel." Dkt. No. 7. For the reasons provided below, this Court lacks jurisdiction to review Salazar-Rodriguez's § 2255 Motion and subsequent filings. It is, therefore, recommended that the Court **TRANSFER** Salazar-Rodriguez's § 2255 Motion to the Fifth Circuit for

consideration as a successive motion pursuant to *In re Epps*, 127 F.3d 364, 364 (5th Cir. 1997).

## I. Background and Procedural History

On September 11, 2013, Salazar-Rodriguez entered into a written plea agreement with the Government, agreeing to plead guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b).  *See United States of America v. Israel Jonathan Salazar Rodriguez*, No. 1:13cr00172-1, Dkt. No. 28 at 1, 8-9.[1]  Salazar-Rodriguez then pleaded guilty before the Court pursuant to his plea agreement on September 13, 2013.  CR Dkt. No. 41 at 1.  On January 13, 2014, Senior United States District Judge Hilda Tagle sentenced Salazar-Rodriguez to 72 months in prison.  *Id.* at 1-3.  Judgment was entered on January 22, 2014.  *Id.* at 1.  Salazar-Rodriguez did not file a direct appeal.  Dkt. No. 1 at 2.

On June 3, 2015, Salazar-Rodriguez filed his first § 2255 Motion.  *See Israel Jonathan Salazar-Rodriguez v. United States of America*, Civil Action No. 1:15cv110, Dkt. No. 1 at 12.[2]  His Motion asserted three claims for relief based on

---

[1]  Hereinafter, Salazar-Rodriguez's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2]  Salazar-Rodriguez stated that he placed his first § 2255 Motion in the prison mailing system on June 3, 2015.  Dkt. No. 1 at 12.  The Court considered his Motion filed on that date.  *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

the alleged ineffectiveness of his counsel. *Id.*, Dkt. No. 1 at 4-7. On June 18, 2015, the Court reviewed Salazar-Rodriguez's § 2255 Motion and issued an Order to Show Cause. *Id.*, Dkt. No. 5. This Order notified Salazar-Rodriguez that his § 2255 Motion appeared untimely on the face of the record pursuant to 28 U.S.C. § 2255(f), and directed him to show cause, on or before July 24, 2015, as to why his Motion should not be dismissed as untimely. *Id.* The Order also instructed the Government to notify the Court if it intended to waive its statute of limitations defense. *Id.*

Salazar-Rodriguez complied with the Order to Show Cause by filing a response. *Israel Jonathan Salazar-Rodriguez v. United States of America*, Civil Action No. 1:15cv110, Dkt. No. 8.[3] Salazar-Rodriguez's response did not address the timeliness of his § 2255 Motion, or provide the Court with a reason to equitably toll his limitations period. The District Court dismissed Salazar-Rodriguez's first § 2255 Motion as untimely pursuant to 28 U.S.C. § 2255(f)(1), and issued its Final Judgment on August 31, 2015. *Id.*, Dkt. Nos. 12-13. Salazar-Rodriguez filed a "Motion RECONSIDERATION for EXCUSABLE NEGLECT F.R. CIVIL P. rule 6(b) Pro-Se" (hereinafter, "Motion for Reconsideration"). *Id.*, Dkt. No. 16 (errors and emphasis in original). The Court denied Salazar-Rodriguez's Motion for Reconsideration on October 17, 2016. *Id.*, Dkt. No. 26. Salazar-Rodriguez filed a Notice of Appeal, but the Fifth Circuit Court of Appeals dismissed his appeal for want of prosecution. *Id.*, Dkt. No. 31.

---

[3] The Government filed no submission waiving its limitations defense.

Salazar-Rodriguez filed his instant § 2255 Motion on April 28, 2016.  Dkt. No. 1 at 12.[4]   Salazar-Rodriguez's § 2255 Motion attacks the same judgment of conviction and sentence that he attacked in his first § 2255 Motion.  *See Id.* at 1 (challenging *United States of America v. Israel Jonathan Salazar Rodriguez*, No. 1:13cr00172-1), and *Israel Jonathan Salazar-Rodriguez v. United States of America*, Civil Action No. 1:15cv110, Dkt. No. 1 at 1 (same).  In his instant § 2255 Motion, he claims that he is entitled to § 2255 relief pursuant to the new rule of law and rationale announced in *Johnson v. United States*, ____ U.S. ____, 135 S. Ct. 2551 (2015).  *Id.* at 9-10.  He also relies upon *United States v. Gonzalez-Longoria,* suggesting that the court in *Gonzalez-Longoria* applied *Johnson* in a way that entitles him to relief.  *See id.* at 4, 9-10, 13. (citing *United States v. Gonzalez-Longoria*, 813 F.3d 225, 235 (5th Cir. 2016), *overruled on reh'g en banc*, No. 15-40041, 2016 WL 4169127 (5th Cir. Aug. 5, 2016)).

In *Johnson*, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), to Samuel James Johnson's sentence.  *Johnson*, 135 S. Ct. 2551, 2555.  The ACCA requires federal courts to impose a minimum fifteen-year term of imprisonment upon repeat offenders who are convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g).  18 U.S.C. § 924(e).  In relevant part, the ACCA provides:

---

[4] Salazar-Rodriguez states that he placed his § 2255 Motion in the prison mailing system on April 28, 2016.  Dkt. No. 1 at 12.  The Court will consider his Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony."  18 U.S.C. § 924(e)(2)(B)(i)-(ii).  A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2) constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another."  *Id.*  "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'"  *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at *1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)).

The Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA is a violation of due process because the clause is unconstitutionally vague.  *Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges.  Increasing a defendant's sentence under the clause denies due process of law.").  Similarly, in *Gonzalez-Longoria*, the Fifth Circuit originally held that the "crime of violence" definition in 18 U.S.C. § 16 is unconstitutionally vague under the rationale of *Johnson*.  *United States v. Gonzalez-Longoria*, 813 F.3d 225, 235

("Under *Johnson*, this means that § 16 is unconstitutionally vague, and we so hold.").[5]

The Supreme Court in *Johnson* did not reach the issue of whether its ruling would apply retroactively.  *Johnson*, 135 S. Ct. 2551; *see also Santiago Valdez v. United States*, No. 4:11-CR-065-A, 2015 WL 9593627, at *1 (N.D. Tex. Dec. 31, 2015) (recognizing that the Supreme Court in *Johnson* did not address retroactivity). However, on April 18, 2016, in *Welch v. United States*, the Supreme Court held that the rule in *Johnson* is retroactively applicable.  *Welch v. United States*, ___ U.S. ___ 136 S. Ct. 1257, 1268 (2016).

Salazar-Rodriguez argues that he may raise a claim under *Johnson* now, because *Johnson* is retroactively applicable.  Dkt. No. 1 at 10.  He contends that, under *Johnson* and *Gonzalez-Longoria*, the Court should resentence him without adding the previously imposed sixteen-level enhancement to his sentence because the sixteen-level enhancement was imposed pursuant to a statute with an unconstitutionally vague crime of violence definition.  *Id*. at 9-12.

> The Statute Is Unconstitutional Vague; Thus The <u>16 level</u> Enhancement Of Mr Salazar Rodriguez Sentence For "Crime of Violence, Is <u>Void</u>- When Sentenced, The Government Recomended this Court <u>Enhance +16 levels</u>, From <u>Base Offense Level 8</u>, For Prior Aggravated Felony Under <u>§ 1101(a)</u> And US Sentence Guidelines (<u>USSG § 2L1.2(b)(1)(A)(ii)</u>), As Defined As A "<u>Crime of Violence</u>" Under <u>Title 18 USC § 16(b)</u> –(see PSR p4, pa 12 and p7 pa 26) –Also (p10 pa 35).  Conviction in Cameron County Texas For <u>Aggravated Assault</u>. The Circuit has held that the Congressional Meaning In this law is Void, and the Rule Upon Which it Was Held <u>Unconstitutional</u>, Was Made Retroactive by Supreme Court.  The "New Rule" No Longer

---

[5]  Later, on rehearing, the Fifth Circuit held that § 16(b)'s crime of violence definition is not unconstitutionally vague.  *United States v. Gonzalez–Longoria*, 831 F.3d 670, 672-74, 676-77, 677-78, 2016 WL 4169127 at *1, *4, *5 (5th Cir. Aug. 5, 2016) (en banc).

Permits An Enhancement of This Sentence.  <u>Immediate Release May Result if Granted the Attached Memorandum Supports this Claim and Prayer for Relief.</u>

*Id*. at 4 (errors and emphasis in original).

## II.  28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude.  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## III.  Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2244(b), makes it "significantly harder for prisoners filing second or successive federal habeas applications" to obtain a merits review of their claims.  *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529

U.S. 1097 (2000).  Prior to filing a second or successive application in a federal district court, the applicant must apply to the appropriate court of appeals for an order authorizing the district court to consider the application.   28 U.S.C. § 2244(b)(3)(A).  Pursuant to § 2255(h), a petitioner bringing a successive § 2255 motion will not be granted permission to proceed at the district court level unless a panel of the appropriate court of appeals finds that the petition raises:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  A petitioner's failure to obtain authorization under § 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition[.]"  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

In *Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009), the Fifth Circuit discussed its definition of "successive" in *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), and elaborated upon the definition.

> *Cain* cannot be read in isolation, but must be considered in the context of AEDPA, the statute that it interprets.  The *Cain* definition of "successive" is broadly worded while AEDPA's treatment of "successive" is narrow. . . .To read *Cain* as does Leal would require us to hold that a petition is non-successive if it rests on a rule of constitutional law decided after the petitioner's first habeas proceeding because such a claim would not have been previously available.  But § 2244(b) prohibits such a result.  Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court)

> are successive under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition. Leal's view of *Cain* would permit an end-run around § 2244. The new rule of constitutional law would be non-successive because it was previously unavailable, so no authorization would be required. Were Leal correct, § 2244(b)(2) would be rendered surplusage.

*Leal Garcia v. Quarterman*, 573 F.3d 214, at 221.

The Leal case makes clear that Salazar-Rodriguez's § 2255 Motion must be characterized as successive. As such, he was required to obtain authorization to proceed from the Fifth Circuit before filing his § 2255 Motion and subsequent filings here. The record contains no evidence indicating that Salazar-Rodriguez has done so, or that authorization has been granted. Accordingly, this Court is without jurisdiction to entertain Salazar-Rodriguez's § 2255 Motion.

Although this Court lacks jurisdiction to review the merits of Salazar-Rodriguez's § 2255 Motion, this Court may transfer Salazar-Rodriguez's § 2255 Motion to the Fifth Circuit so that it may decide whether he should be allowed to proceed. *See Lee v. Stephens*, No. 2:15-CV-330, 2015 WL 7433293, at *2 (S.D. Tex. Oct. 21, 2015), *report and recommendation adopted*, No. 2:15-CV-00330, 2015 WL 7454676 (S.D. Tex. Nov. 23, 2015) (citing 28 U.S.C. § 2244 (b)(3)(A); *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365)). Alternatively, this Court may dismiss Salazar-Rodriguez's § 2255 Motion without prejudice so that he may seek authorization from the Court of Appeals to proceed. *See id.* (noting that, when in receipt of a successive habeas application, district courts may dismiss the application without prejudice, or transfer the application to

the appropriate Court of Appeals); *Morrison v. Stephens*, No. 3:15-CV-1057-G BH, 2015 WL 2212359, at *3 (N.D. Tex. May 12, 2015) (same).

Salazar-Rodriguez's § 2255 Motion primarily relies upon the Supreme Court's decision in *Johnson*. Dkt. No. 1. *Johnson* was decided on June 26, 2015. *Johnson*, 135 S. Ct. 2551. In general, to obtain relief under *Johnson*, a prisoner must file their § 2255 motion within one year of June 26, 2015. *See* 28 U.S.C. § 2255(f)(3); *see also Dodd v. United States*, 545 U.S. 353, 359-60 (2005) (explaining that it is the date the Supreme Court issues a new rule of constitutional law that governs, not the date that the Supreme Court determines the rule is retroactively applicable). Salazar-Rodriguez filed his § 2255 Motion on April 28, 2016, almost two months before the June 26, 2016 deadline. Dkt. No. 1 at 12. If this Court were to dismiss Salazar-Rodriguez's § 2255 Motion without prejudice now, to allow him to seek permission to proceed from the Fifth Circuit, Salazar-Rodriguez might run afoul of the statute of limitations when seeking to file a subsequent § 2255 motion based upon *Johnson*. Given this possible outcome, it is recommended that the Court transfer Salazar-Rodriguez's § 2255 Motion to the Fifth Circuit, rather than dismiss it without prejudice. *See Martinez-Yanez v. United States*, No. 1:13-619-1, 2016 WL 4154278, at *3–4 (S.D. Tex. July 6, 2016), *report and recommendation adopted*, No. B-13-619-1, 2016 WL 4140833 (S.D. Tex. Aug. 4, 2016) (recommending transfer rather than dismissal to avoid the filing of an untimely successive § 2255 motion where *Johnson* was relied upon by the movant).

## IV.  Recommendation

It is recommended that the Court **TRANSFER** Salazar-Rodriguez's § 2255 Motion to the Fifth Circuit for consideration as a successive motion pursuant to *In re Epps*, 127 F.3d 364, 364 (5th Cir. 1997).

## V.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 15th day of December, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**